31177 Will County Forest Preserve v. Smothers Mr. Block, Jeff Hipsch on behalf of the Forest Preserve District of Will County. I think the brace have adequately set forth the facts and most of the arguments as well. The issue in this case is whether the Workers' Compensation Commission can choose to make an award under Section 8D.2 of the Act for an injury where there was a surgical repair to the shoulder, the claimant goes back to work doing the same job he did before, he's released from medical care, there's no evidence of any real impairment that's indicated in the records. Basically obviating Section 8E of the Act which deals with specific losses to members of the body and allowing- Provided the award under the third situation, quote, where a claimant suffers injuries which partially incapacitate him from pursuing the duties of his usual and customary line of employment, but do not result in an impairment of burning capacity. You're saying that the evidence shows that that was an erroneous award under that section because the evidence does not establish that he was impaired, he was prohibited from pursuing the usual duties of his line of employment. Yes, from pursuing those duties. And in summary, that evidence is what? That establishes that he was not prohibited from pursuing his usual duties. He returned to work, he did his job, there was no follow-up medical care, he told his doctor he was feeling great on the last visit, and we can argue whether that was feeling better than when you had a torn rotator cuff and didn't have a repair or not. And where is the disability in partially incapacitating him from pursuing the duties, again, of his usual and customary employment? So he returned to his duties and he was doing his usual duties. Yes. He said he was accommodating, he said he had pain, occasionally he would ice, he would take Tylenol, et cetera. But I submit to you that there can't be an award for permanent partial disability unless there's some injury. And the obvious purpose of this decision of the Commission is to obviate Section 8E. All right. Let's move to another section. Okay. Whether we agree with that is for us to decide. So now you're suggesting, well, okay, he should be entitled to receive an award because he was entitled where there was a loss, an injury to his shoulder, that's what you're suggesting the award should have been based on, correct? Yes. I have a question about that. How is an injury to the shoulder an injury to an arm? On what fundamental medical or logical basis do we conclude the injury to the shoulder is the same as an injury to an arm? Or in other words, is a shoulder an arm? Yes. It's always been that way at the Workers' Compensation Commission. I understand. Do you have any case law that says shoulder and an arm are the same when you construe the statute? No. No, I will not say that. And there's an example of the Lucetto case where they made an award for a back injury on the basis of legs. And there are many cases that are existing that deal with a tibia fibula fracture. And sometimes the Commission finds that to be a leg injury, and sometimes they find that to be a foot injury. But it's for the Commission to determine. But again, it's a member, not a loss of use of a person as a whole. And I think that the Finder of Fact, which we defer to and give great credence to the Commission's decisions regarding medical issues, causation, nature of disability, et cetera, fine. If they want to determine that it's a loss of use of a person as a whole, they need to be able to make a decision. I'm just curious, is there another provision that would allow for recovery here as well? Do you mean at wage loss? Well, the person as a whole with a claimant sustained serious and permanent injury not covered under 8C or 8E? That's true. Isn't there another provision that would fall under the general provision? In this case? Yes. The Commission doesn't say that, though. I understand that. Okay. Thank you. They had the opportunity to rule that way, but they did not. So you're saying he's all in on the original theory, and if the evidence doesn't support it, he doesn't get any award then? No, it needs to be remanded to the Commission to follow the law and do the correct thing. And to, you know, obviously enter an award that's consistent with the legislative purpose of the credit. This is obviously a decision where they wanted to obviate the credit. You know, I mean, honestly, the award is more than 50 percent of an arm. Twenty-five of a man is 125 weeks. An arm at this time was 235 weeks. And there was already a credit for 15 percent. I'm saying that the finer effect of the Commission in this case, they can't be They should not be allowed to enter an award, cite Commission precedent that does not support what they're saying. All these people had losses of trade. One person had a questionable whether she was coming back to work or not. You know, the example, the classic example is the garbage man who can't lift more than five pounds. He can't be a garbage man anymore. That's a loss of trade. That clearly would be worth 250 weeks. That would be a man as a whole case. That makes sense. At the time, the arm would have been 235 weeks, so it's actually in excess of 100 percent of an arm. I'm saying the Commission, as the finer effect, did not make reasonable inferences in coming up with their decision. The reviewing court in this case should reverse the decision of the circuit court, decision of the Commission, and remand it to the Commission for the entry of an award on the basis of loss of use of an arm, as is appropriate. Are there any questions? No. Thank you. Thank you. Thank you. Hey, please, the Court. Mr. Hipsch, Michael Block, for Mr. Smothers. I represent a gentleman who is 51 years old, 23-year employee of this account, of the respondent, of the employer. The last eight years were as a heavy duty operator, heavy equipment operator. Before that, he was a laborer. The case basically boils down to disability evaluation, which generally is within the province of the Commission. In this case, both a very experienced arbitrator, the unanimous Commission, including the employer's representative, and a very good circuit judge, Judge Pedro Nguero, found the decision was correct. I think it was in all respects. Being the last case on the call of a rather lengthy day, I'm not going to spend my 15 minutes arguing the whole case, I promise. But there were significant issues, significant testimony as to how he had to do a lot of different things differently, a lot of things left-handed, even though this injury was to his right-hand dominant arm. You look at the medical findings, all the treatment was to the shoulder. It wasn't to the arm. He has hardware in the shoulder. Things like just greasing a tractor, which is something a heavy equipment operator does, he has to stop. So the Commission clearly did make the finding that he was partially incapacitated in pursuit. Let me ask you, was he able to perform his job? I mean, the evidence seems to suggest he was able to perform his job. The evidence was that he did his job as a disabled man might perform his full duties. And that does happen. There are companies that take, that require full duties to go back to work. This guy was definitely a go-getter and someone who was determined to get back to work. You look at the note from physical therapy, it said, what's your goal? 100% recovery, no pain, back to work. This is a good worker. But the section requires the evidence to establish he was prevented from pursuing his usual customary line of employment. He's back doing exactly the same job. The doctor released him to full duty, no restrictions, no indication that the other doctor limited his ability. He's not having any modifications in his job. Well, I probably disagree about the modifications part. They have been very tolerant of him in what he can or can't do in that job, and there's a lot of testimony to it. I mean, if you look at Dr. Koh's report, which is the current medical evidence, he has a significant decreased range of motion of the right shoulder in three respects. He has a positive impingement sign, which is very painful. He has atrophy and weakness in the right shoulder girdle. I mean, it's a very significant shoulder injury. And if I can, if you look at the GE case, which we cited, Your Honor, that deals with 8D versus 8E, although I'll admit that was an 8D1 case, but talks about the legislative history. We've only had 8D since 1975. And it talks about the fact that schedule losses such as 8E are not favored anymore, was for 8D awards. And in this case, I think the commission's finding that he was partially incapacitated is clearly shown by the medical evidence that he can't do things like he did before, although admittedly he does do full duties. In fact, the employer in the brief admits he's partially incapacitated, and we argued at that stage he can close the book. But what about his argument this really should have been classified an award as a loss of injury to the arm under the guise of a shoulder? Right. The shoulder is clearly not an arm in answer to that question. It certainly controls the movement of the arm. In the cases we cite, the Luciano case, the other cases, the clear holding is that the commission has discretion. They could have made it an arm case, but they made it a shoulder case. And on review, I think the issue is, is there evidence to support their award under 8D2? And there is, and admittedly the commission only decided it under the partial incapacity theory, but clearly under 8D2 it is an award for a nonmember, for a nonscheduled member, a shoulder. And clearly there is evidence to support that. So I think when you use what we think is the correct standard, which is the manifest weight standard, there is evidence to support their decision that it's an appropriate award under 8D2, and that's why it should be affirmed. But I think it was equally as appropriate to award it under the section of partial incapacity. If I could, the general electric case uses the example of the violinist who perhaps loses his little finger. He might still be able to play the, he might belong to the Chicago Symphony. They might still keep him as an employee. They still pay him union wages. They might say instead of being the first chair, sit in the back and don't make your music too loud. And no question he's doing his full duties, but the quality is significantly diminished. And under that question, I think the question for you would be, do you think the legislature intended that he should be limited to 22 weeks in that situation, even though the injury for most workers is not significant, but for a violinist it's catastrophic? And I think the answer is no, and I think just as there they could find a partial incapacity, so too under these facts they could. And with that, unless there's any more questions, I wish you all a good day. Thank you. Obviously the extent of disability is generally a question of fact for the commission, and in 25 years this is the first time I've ever argued that they are not entitled to make the decision that they did. And I think it's a question of fact for the commission. It's a question of fact on nature and extent. Here, no medical evidence supports a body as a whole award. The commission relies upon their cases, but they don't apply them correctly. And in my mind it's intellectual dishonesty to cite cases for a proposition that are not correct. The commission should be reversed in this case. Why couldn't we affirm the commission, because they found that the injury was to the shoulder, and affirm them on the basis that this injury isn't covered by 80? Because the next time there's going to be a case up here that the humerus is not part of the arm and it should be a body as a whole award or something like that. I think that, you know, the reviewing court, I don't need to tell you, you've heard six manifesto-weight cases to some extent already. You need to regulate the finder of fact, that they have to play fairly, they have to apply their cases correctly, and you're not going to be, reversing the court or the commission in this case will not bring up a case as to whether it should be 5% of a foot or 10% of a foot. They are still going to be the finder of fact with regard to the extent of disability in those types of situations. Would you agree with this, though? Is this the case of first impression in Illinois as to whether or not an injury to a shoulder is the same as an injury to an arm? At a reviewing court level, for sure. There are cases that say the arm is the same as the shoulder. No. For purposes of count, do they? No. Okay. No. Any further questions? Thank you, counsel. Thank you, Justice Ginsburg. The court will take the matter under advisement for disposition.